United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | § <br> § Chapter 11 <br> § |
| LURIN REAL ESTATE HOLDINGS XXI, LLC, *et al.* | § Case No. 26-90344 (ARP) <br> § <br> § (Joint Administration Requested) |
| Debtors.[1] | § <br> § <br> § |

**ORDER (I) EXTENDING TIME FOR THE PAPILLON DEBTOR
TO FILE SCHEDULES AND STATEMENTS, (II) AUTHORIZING
THE DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX,
(B) FILE A CONSOLIDATED LIST OF THE 30 LARGEST UNSECURED
CREDITORS, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION, (III) APPROVING THE FORM AND MANNER OF NOTIFYING
CREDITORS OF THE COMMENCEMENT OF THE PAPILLON CASE AND OTHER
INFORMATION, AND (IV) GRANTING RELATED RELIEF**

[Relates to Docket No. 476]

Upon the emergency motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors

in possession (the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"):  (a) extending the deadline by

which the Papillon Debtor will file its Schedules and Statements; (b) authorizing the Debtors to

(i) file the Consolidated Creditor Matrix, (ii) file the Consolidated Top 30 Creditors List, and (iii)

redact certain personal identification information; (c) approving the form and manner of notifying

creditors of commencement of the Papillon Case and other information; and (d) granting related

relief, all as more fully set forth in the Motion; and upon the Declarations; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Lurin/Home-Index. The location of the Debtors' service address is: 2101 Cedar Springs, Suite 1050, Dallas, TX 75201.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The time within which the Papillon Debtor must file the Schedules and Statements is extended through and including July 17, 2026, for a total of 30 days from the Papillon Petition Date, without prejudice to the Debtors' right to seek an additional extension upon cause shown thereafter.

2.     The Debtors are authorized to file one Consolidated Creditor Matrix and one Consolidated Top 30 List.

3.     The Debtors are authorized to redact on the Consolidated Creditor Matrix, the Schedules and Statements, any affidavits of service, and any other documents filed with this Court, the names, home addresses, email addresses, and other personal identification information of all natural persons.  The Debtors shall provide unredacted versions of the Consolidated Creditor Matrix, the Schedules and Statements, proofs of claim, any affidavits of service, and any other

filings redacted pursuant to this Order to (a) this Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in this chapter 11 case, and (d) any party in interest upon a request to the Debtors (email being sufficient) or to this Court that is reasonably related to these chapter 11 cases, subject to the restrictions any applicable privacy or data protection law or regulation; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request and shall represent that the unredacted version(s) of the documents will be maintained in confidence.  The Debtors shall inform the Court and the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.  Nothing herein precludes a party in interest's right to file a motion requesting that this Court unseal the information redacted by this Order.  For the avoidance of doubt, Bankruptcy Local Rule 9037-1(b) shall apply to any redacted document.

4.      The Notice of Commencement, substantially in the form attached hereto as **Exhibit A**, is hereby approved and the Debtors are authorized to serve the Notice of Commencement on all parties on the Consolidated Creditor Matrix.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of the Papillon Case and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

5.      The Debtors are authorized to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Consolidated Creditor Matrix.

6.      The Debtors are authorized to distribute all pleadings and papers to parties in interest via email; *provided* that if the Debtors do not have a party in interest's email, then the Debtors will mail all necessary pleadings and papers to the party in interest.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: July 01, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

4

**Exhibit A**

| Information to identify the case: | |
|---|---|
| Debtor **Lurin Real Estate Holdings XXIII, LLC** | EIN: 85-1873183 |
| **United States Bankruptcy Court for the Southern District of Texas** | Dates case(s) filed for chapter 11: **06/17/2026** |
| Case number(s): **26-90620 (ARP)** | |

## Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Cases      12/15

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below, through PACER (Public Access to Court Electronic Records at www.pacer.gov), or by visiting the court-appointed claims agent's website at: https://restructuring.ra.kroll.com/Lurin/.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| 1. Debtor's full name | **See Charts Below** |
|---|---|

| Case Filed June 17, 2026 | | |
|---|---|---|
| Debtor(s) | Case Number | Tax I.D. number |
| Lurin Real Estate Holdings XXIII, LLC | Case No. 26-90620 (ARP) | 85-1873183 |
| | | |
| **All Cases Proposed to be Jointly Administered Under Case No. 26-90344** | | |
| Debtor(s) | Case Number | Tax I.D. number |
| Lurin Real Estate Holdings XXI, LLC (**Lead Case**) | Case No. 26-90344 (ARP) | 84-2894679 |
| Lurin Real Estate Holdings XXVIII, LLC | Case No. 26-90391 (ARP) | 85-3723122 |
| Lurin Real Estate Holdings XXXIII, LLC | Case No. 26-90392 (ARP) | 86-2020626 |
| Lurin Real Estate Holdings LXV, LLC | Case No. 26-90424 (ARP) | 88-3836138 |
| Lurin Real Estate Holdings XXXVIII, LLC | Case No. 26-90431 (ARP) | 86-3912868 |
| Lurin Real Estate Holdings XI, LLC | Case No. 26-90432 (ARP) | 83-1451195 |
| Lurin, LLC | Case No. 26-90437 (ARP) | 83-3987340 |
| Lurin Advisors, LLC | Case No. 26-90438 (ARP) | N/A |
| Lurin Real Estate Holdings LXIV, LLC | Case No. 26-90441 (ARP) | 88-2643411 |
| Lurin Equity Partners XL, LLC | Case No. 26-90445 (ARP) | 87-2287716 |
| Lurin Equity Partners XLI, LLC | Case No. 26-90444 (ARP) | 87-2360102 |
| Lurin Equity Partners XLIII, LLC | Case No. 26-90443 (ARP) | 87-2622117 |
| Lurin Equity Partners XXXIV, LLC | Case No. 26-90442 (ARP) | 86-2113050 |
| Lurin Real Estate Holdings XXII, LLC | Case No. 26-90520 (ARP) | 85-1846606 |
| Lurin Real Estate Holdings XXVI, LLC | Case No. 26-90521 (ARP) | 85-1958965 |
| Lurin Real Estate Holdings XXV, LLC | Case No. 26-90520 (ARP) | 85-1931109 |

Debtor     **Lurin Real Estate Holdings LXV, LLC, *et al*.**                    Case Number: **26-90424 (ARP)**

| Lurin Real Estate Holdings XXIV, LLC | Case No. 26-90521 (ARP) | 85-1898723 |
| Lurin Real Estate Holdings VI, LLC | Case No. 26-34041 (ARP) | 82-1895193 |
| Lurin Real Estate Holdings XXIII, LLC | Case No. 26-90620 (ARP) | 85-1873183 |

| | | |
|---|---|---|
| **2.** | **All other names used in the last 8 years** | **See Rider 1.** |
| **3.** | **Address** | **2101 Cedar Springs, Suite 1050, Dallas, TX 75201.** |
| **4.** | **Debtors' attorneys** | |

**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX 24038592)
Aaron J. Power (TX 24058058)
M. Shane Johnson (TX 24083263)
Megan Young-John (TX 24088700)
James A. Keefe (TX 24122842)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248
jwolfshohl@porterhedges.com
apower@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com
jkeefe@porterhedges.com

| | | | |
|---|---|---|---|
| **5.** | **Bankruptcy clerk's office** | **Bob Casey United States Courthouse** **515 Rusk Street** **Houston TX 77002** | **Hours Open: Monday – Friday 8:00 a.m. - 5:00 p.m.** **Contact Phone (713) 250-5500** |
| | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov, or by visiting the court-appointed claims agent's website at: https://restructuring.ra.kroll.com/Lurin/. | | |
| **6.** | **Meeting of creditors** | **_____, 2026, at ___ a.m / p.m.** **(prevailing Central Time)** | Location: **Dial-in: (888) 330-1716** **Code: 7125797** |
| | The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. Information can be found at the Debtors' Case Website, available at: https://restructuring.ra.kroll.com/Lurin/. | |

Debtor   **Lurin Real Estate Holdings LXV, LLC,** *et al*.          Case Number: **26-90424 (ARP)**

| | |
|---|---|
| **7. Proof of claim deadline** | **Deadline for filing proof of claim:   Not yet set. If a deadline is set, the court will send you another notice. More information can be found at the Debtors' Case Website, available at: https://restructuring.ra.kroll.com/Lurin/.**

Proofs of claim may be filed electronically (no paper claim required) on the Court's ECF system by accessing the E-filing Claims (ePOC) link (at www.txs.uscourts.gov/bankruptcy), or through the Debtors' Case Website, available at: https://restructuring.ra.kroll.com/Lurin/**.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.txs.uscourts.gov/bankruptcy or any bankruptcy clerk's office**.**

Your claim will be allowed in the amount scheduled unless:

- your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at  www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8. Exception to discharge deadline**

The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.

**Deadline for filing the complaint: N/A** |
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline |

**<u>Rider 1</u>**
**<u>Other Names Used in the Last 8 Years</u>**

| Current Entity Name | Alternative (d/b/a) Entity Name |
|---|---|
| Lurin Real Estate Holdings XXIII, LLC | d/b/a Papillon Apartments |