United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| LURIN REAL ESTATE HOLDINGS XXI, LLC, *et al.* | § | Case No. 26-90344 (ARP) |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

# STIPULATION AND ORDER BETWEEN FEDERAL NATIONAL MORTGAGE ASSOCIATION, THE COMMITTEE, AND CERTAIN OF THE DEBTORS

This stipulation and order is entered into by and between Federal National Mortgage Association ("**Fannie Mae**"), the Official Committee of Unsecured Creditors (the "**Committee**"), and Lurin Real Estate Holdings XXIV, LLC (the "**Ascend Debtor**"), Lurin Real Estate Holdings XXV, LLC (the "**Overlook Debtor**"), and Lurin Real Estate Holdings XXIII, LLC (the "**Papillon Debtor**" and, collectively with the Ascend Debtor and the Overlook Debtor, the "**Remaining FM Debtors**"). Fannie Mae, the Committee, and the Remaining FM Debtors (the "**Parties**") stipulate and agree as follows:

## RECITALS

WHEREAS, the Ascend Debtor is the owner of certain real property located at 800 Scenic Highway, Pensacola, Florida 32503, which real property and the apartment buildings and improvements located thereon are hereinafter referred to as the "**Ascend Property**."

[1] A complete list of each of the above-captioned debtors ("**Debtors**") in the above-captioned Chapter 11 cases (the "**Bankruptcy Cases**") may be obtained on the website of the Debtors' claims and noticing agent at: https://restructuring.ra.kroll.com/Lurin/Home-Index. The location of the Debtors' service address is: 2101 Cedar Springs, Suite 1050, Dallas, TX 75201.

WHEREAS, the Overlook Debtor is the owner of certain real property located at 1200 Scenic Highway, Pensacola, Florida 32503, which real property and the apartment buildings and improvements located thereon are hereinafter referred to as the "**Overlook Property**."

WHEREAS, the Papillon Debtor is the owner of certain real property located at 7270 Hilburn Road, Pensacola, Florida 32501, which real property and the apartment buildings and improvements located thereon are hereinafter referred to as the "**Papillon Property**" (and collectively with the Ascend Property and the Overlook Property, the "**Properties**" and, individually, each a "**Property**").

WHEREAS, the Parties agree that Fannie Mae has a first position lien on, and duly perfected security interest in the Ascend Property pursuant to the following instruments (collectively the "**Ascend Loan Documents**"): (i) Consolidated, Amended and Restated Multifamily Note dated as of January 9, 2024; (ii) Consolidated, Amended, and Restated Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of January 9, 2024 recorded in the Public Records of Escambia County on January 11, 2024 in Official Records Book 9090 at Page 847 as Instrument No. 2024002579; (iii) Multifamily Loan and Security Agreement (Non-Recourse) dated as of January 9, 2024; (iv) Assignment of Security Instrument dated as of January 9, 2024 recorded in the Public Records of Escambia County on January 11, 2024 in Official Records Book 9090 at Page 871 as Instrument No. 2024002580; and (v) UCC Financing Statement filed with the Delaware Department of State on January 11, 2024 at number 2024 0248524.

WHEREAS, the Parties agree that Fannie Mae has a first position lien on, and duly perfected security interest in the Overlook Property pursuant to the following instruments (collectively the "**Overlook Loan Documents**"): (i) Consolidated, Amended and Restated

Multifamily Note dated as of January 9, 2024; (ii) Consolidated, Amended and Restated Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated January 9, 2024, recorded as Instrument No. 2024002581 in Official Records Book 9090, Page 875, of the Public Records of Escambia County, Florida; (iii) Multifamily Loan and Security Agreement dated as of January 9, 2024; (iv) Assignment of Security Instrument dated effective as of January 9, 2024, recorded as Instrument No. 2024002582 in Official Records Book 9090, Page 900, of the Public Records of Escambia County, Florida; and (v) UCC Financing Statement filed with the Delaware Department of State on January 11, 2024 at number 2024 0249027.

WHEREAS, the Parties agree that Fannie Mae has a first position lien on, and duly perfected security interest in the Papillon Property pursuant to the following instruments (collectively the "**Papillon Loan Documents**" and, together with the Ascend and Overlook Loan Documents, the "**Loan Documents**"): (i) Consolidated, Amended and Restated Multifamily Note dated as of January 9, 2024; (ii) Consolidated, Amended, and Restated Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of January 9, 2024, recorded in the Public Records of Escambia County on January 11, 2024 in Official Records Book 9090 at Page 817 as Instrument No. 2024002577; (iii) Multifamily Loan and Security Agreement (Non-Recourse) dated as of January 9, 2024; (iv) Assignment of Security Instrument dated as of January 9, 2024, recorded in the Public Records of Escambia County on January 11, 2024 in Official Records Book 9090 at Page 842 as Instrument No. 2024002578; and (v) UCC Financing Statement filed with the Delaware Department of State on January 11, 2024 at number 2024 0248367.

WHEREAS, on May 28, 2026 (the "**May Petition Date**"), the Ascend Debtor and the Overlook Debtor each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").[2]

WHEREAS, on June 17, 2026 (the "**June Petition Date**" and together with the May Petition Date, the "**Petition Date**"), the Papillon Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

WHEREAS, on August 26, 2026, the 90-day period prescribed by § 362(d)(3) expired, requiring the Ascend and Overlook Debtors to commence making payments of non-default interest under the Loan Documents.

WHEREAS, on September 15, 2026, the 90-day period prescribed by § 362(d)(3) expired, requiring the Papillon Debtor to commence making payments of non-default interest under the Loan Documents.

WHEREAS, the Ascend and Papillon Debtors only made one payment of non-default interest to Fannie Mae on August 28, 2026, and have not made any subsequent payments.

WHEREAS, the Overlook Debtor has made no payments of non-default interest to Fannie Mae.

WHEREAS, on October 29, 2026, in light of the foregoing, Fannie Mae filed its *Motion (I) to Dismiss Certain of the Debtors' Chapter 11 Cases or, in the Alternative, (II) For Relief from the Automatic Stay* [Docket No. 1010] (the "Motion to Dismiss").

WHEREAS, the Committee and the Remaining FM Debtors both indicated to Fannie Mae that they opposed dismissal of the Remaining FM Debtors' cases, but did not oppose stay relief.

[2] Unless otherwise indicated, all references to sections or "§" are to provisions of the Bankruptcy Code.

WHEREAS, to resolve without litigation the Motion to Dismiss, the Parties have agreed to the entry of this Stipulation and Order (this "**Stipulation and Order**").

**STIPULATION AND ORDER**

1. Effective immediately upon entry of this Stipulation and Order, the automatic stay imposed by § 362 of the Bankruptcy Code shall be, and hereby is, modified, without further notice, hearing, or order of the Court, to permit Fannie Mae to exercise any and all rights and remedies available to it under the Loan Documents and applicable non-bankruptcy law with respect to the Properties and any other collateral securing the obligations under the Loan Documents (the "**Collateral**"), including, without limitation commencing, prosecuting, and completing foreclosure proceedings against any or all of the Properties and seeking and obtaining the appointment of a receiver over any or all of the Properties and any related rents, revenues, income, and proceeds.

2. This Stipulation and Order shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns, including, without limitation, any Chapter 7 trustee, Chapter 11 trustee, Chapter 11 plan trustee, or other fiduciary or estate representative subsequently appointed in the Remaining FM Debtors' Chapter 11 cases or any cases resulting from the conversion thereof, to the fullest extent permitted by applicable law. The relief granted herein shall remain effective notwithstanding any conversion of the Remaining FM Debtors' Chapter 11 cases to cases under another chapter of the Bankruptcy Code or the appointment of any trustee or other estate representative, unless otherwise ordered by the Court.

3. The 14-day stay of an order granting relief from the automatic stay provided under Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure is hereby expressly waived. Accordingly, the modification of the automatic stay and all other relief granted pursuant to this Stipulation and Order shall be effective and enforceable immediately upon entry hereof, without

regard to the 14-day period prescribed by Bankruptcy Rule 4001(a)(4), and Fannie Mae may immediately exercise the rights and remedies authorized herein.

4. The Motion to Dismiss is hereby deemed withdrawn without prejudice.

5. This Stipulation and Order shall become effective immediately upon entry by the Court, without the necessity of any further notice, action, or order. The Court shall retain jurisdiction to interpret, implement, and enforce the terms and provisions of this Stipulation and Order and to resolve any disputes arising hereunder; provided, however, that such retention of jurisdiction shall not require Fannie Mae to seek further relief from this Court before exercising any rights or remedies expressly authorized herein.

Signed: November 09, 2026

Alfredo R Pérez
United States Bankruptcy Judge

AGREED TO BY:

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (TX Bar No. 24038592)
Aaron J. Power (TX Bar No. 24058058)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
James A. Keefe (TX Bar No. 24122842)
**PORTER HEDGES LLP**
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6000
*jwolfshohl@porterhedges.com*
*apower@porterhedges.com*
*sjohnson@porterhedges.com*
*myoung-john@porterhedges.com*
*jkeefe@porterhedges.com*

***Attorneys for the Debtors***

*/s/ John D. Beck*
John D. Beck (TX Bar No. 24073898)
**DENTONS US LLP**
100 Crescent Court, Suite 900
Dallas, TX 75201
Tel: (214) 259-0900
*john.beck@dentons.com*

-and-

Jill Nicholson (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
Tel: (312) 876-8000
*jill.nicholson@dentons.com*

***Attorneys for Federal National Mortgage Association***

*/s/ Maxim B. Litvak*
Maxim B. Litvak (TX Bar No. 24002482)
Steven W. Golden (TX Bar No. 24099681)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Tel: (713) 691-9385
*mlitvak@pszjlaw.com*
*sgolden@pszjlaw.com*

-and-

Robert J. Feinstein (admitted pro hac vice)
Bradford J. Sandler (admitted pro hac vice)
1700 Broadway, 36th Floor
New York, NY 10019
Tel: (212) 561-7700
*rfeinstein@pszjlaw.com*
*bsandler@pszjlaw.com*

***Attorneys for the Committee***